UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KENYARDY WILLIAMS,

        Petitioner,

v.                                                             Civil No. 1:07-CV-13578
                                                             Honorable Thomas L. Ludington

C. EICHENLAUB,

        Respondent.
                                               /

## OPINION AND ORDER DISMISSING PETITION
## FOR A WRIT OF HABEAS CORPUS

Petitioner Kenyardy Williams, a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged the Federal Bureau of Prisons ("BOP") policy concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as a Residential Reentry Center or a halfway house. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus.

I.

Petitioner does not indicate in his petition the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's prisoner locator database lists Petitioner's projected release date as August 14, 2008.

In his pleadings, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place offenders in CCCs to the final

10% or six months of their sentences, whichever is less. Petitioner admits that he has not exhausted his administrative remedies regarding the claim contained in his petition. Petitioner alleges that exhaustion would be futile because the BOP has demonstrated a "determined adherence" to its policy, yet he has not submitted copies of any grievances, administrative decisions, or appeals pertaining to this case.

II.

The petition is subject to dismissal on exhaustion grounds. It is well-established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The burden is on Petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. He has not demonstrated that he has exhausted his habeas claims by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has also not shown that exhaustion would be futile. Exhaustion requires that a petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *see also Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D. Mich. July 11, 2006) (requiring federal prisoner to exhaust administrative remedies as to CCC

placement issues before pursuing habeas action); *cf. Hacker v. Federal Bureau of Prisons*, 2006 WL 2559792, *7 (E.D. Mich. Sept. 1, 2006) (finding that lack of exhaustion was not fatal to preliminary injunction motion to the extent a petitioner challenged BOP's regulation).

III.

The Court concludes that Petitioner has not established that he has exhausted his administrative remedies, nor demonstrated that exhaustion would be futile or would impede his ability to seek federal habeas relief.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 25, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS